# United States Court of Appeals

## FOR THE EIGHTH CIRCUIT

_____

No. 98-1668

_____

| | | |
|---|---|---|
| John J. Farrell, | * | |
| | * | |
| Plaintiff - Appellant, | * | |
| | * | |
| v. | * | Appeal from the United States |
| | * | District Court for the |
| Donna E. Shalala, Secretary of | * | Western District of Missouri. |
| Health & Human Services, | * | |
| | * | **[UNPUBLISHED]** |
| Defendant - Appellee. | * | |

_____

Submitted: September 24, 1998
Filed: November 13, 1998

_____

Before BOWMAN, Chief Judge, LOKEN and KELLY,[*] Circuit Judges.

_____

PER CURIAM.

John J. Farrell appeals the district court's[1] grant of summary judgment dismissing Farrell's claim that the United States Department of Health and Human Services (HHS)

_____

[*]The HONORABLE JOHN D. KELLY died on October 21, 1998, before a draft of this opinion was circulated. The opinion is consistent with the views Judge Kelly expressed during the panel's conference following submission on September 24, 1998.

[1]The HONORABLE JOSEPH E. STEVENS, JR., United States District Judge for the Western District of Missouri.

discriminated against him on the basis of his disabilities in violation of the Rehabilitation Act of 1973, 29 U.S.C. § 794. Farrell was employed by HHS as a Children and Family Program Specialist, serving as the principal expert and technical resource for the State of Iowa regarding federal laws, regulations, and policies concerning child support. In January 1990, Farrell suffered a heart attack, resulting in brain damage from oxygen deprivation that left him with visual, speech, and cognitive impairments. After heart surgery and extensive rehabilitation, Farrell returned to work full-time in May 1992. In November 1992, his supervisor identified performance deficiencies and provided Farrell with a performance improvement plan. At year end, the supervisor rated Farrell's performance "unacceptable" in three critical elements and "marginally successful" in two others. He was terminated on March 26, 1993.

The district court concluded that Farrell failed to establish a prima facie case of a Rehabilitation Act violation because he could not refute HHS's substantial evidence that his cognitive impairments were so severe that no accommodations, reasonable or otherwise, would have made him qualified to perform the essential functions of his job. On appeal, Farrell argues the district court erred in granting summary judgment because Farrell made a facial showing that a reasonable accommodation was possible through the reports of a neurologist and his ergonomics expert and the deposition testimony of Farrell and his wife. After careful review of the record, we agree with the district court that this evidence was speculative and did not overcome the government's overwhelming evidence that Farrell's brain damage left him without the cognitive ability to perform his analytical and consultative job duties, with or with accommodation. Accordingly, we affirm.

A true copy.

Attest:

CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.

-2-